IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELLEN B. JUNKINS,

        Plaintiff,

v().                                        CIVIL ACTION NO. 1:03CV273
                                                (Judge Keeley)

JO ANNE B. BARNHART,
COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

**REPORT AND RECOMMENDATION/OPINION**

On December 10, 2003, Ellen Junkins ["Plaintiff"] filed a Complaint seeking judicial review pursuant to 42 U.S.C. § 405(g) of an adverse decision by Defendant, the Commissioner of Social Security ["Defendant"]. The Court referred the matter to United States Magistrate Judge James E. Seibert, who on November 29, 2004, issued a Report and Recommendation recommending that Defendant's Motion for Summary Judgment be GRANTED and Plaintiff's Motion for Summary Judgment be DENIED. [Docket Entry 13]. Plaintiff filed objections to the Report and Recommendation on December 10, 2004. On March 31, 2005, the District Court filed its "Order Adopting Magistrate Judge's Report and Recommendation" [Docket Entry 15]. The District Court DENIED Defendant's Motion for Summary Judgment, GRANTED-IN-PART and DENIED-IN-PART Plaintiff's Motion for Summary Judgment, and Remanded the case to the Commissioner "under sentence four of 42 U.S.C.A. Sec. 405(g)," for further proceedings to determine the date on which Plaintiff became disabled.

1

The District Court's Order is based solely on Plaintiff's argument that she submitted evidence to the Appeals Council indicating the Administration, in a subsequent claim, found her disabled beginning on June 10, 1999, her alleged onset date in the case at bar.[1]

On July 1, 2005, Plaintiff filed a "Motion for Attorney Fees" seeking attorney's fees in the amount of $3,374.45, representing 22.25 hours of work by Plaintiff's counsel, Brock M. Malcolm [Docket Entry 17]. Defendant filed a "Memorandum in Opposition to Plaintiff's Petition for Attorney Fees" on July 13, 2005 [Docket Entry 19]. Plaintiff filed a "Response to Defendant's Memorandum" on July 19, 2005 [Docket Entry 20]. This matter was referred to the undersigned United States Magistrate Judge for resolution by Chief United States District Judge Irene M. Keeley on July 6, 2005 [Docket Entry 18].

Pursuant to the EAJA, a plaintiff's attorney is entitled to a fee award if: (1) the claimant is the prevailing party; (2) the government's position was not "substantially justified;" (3) no special circumstances make an award unjust; and (4) the claimant timely filed his petition and an itemized statement within thirty days of the final judgment. 28 U.S.C. § 2412; Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991).

---

[1] During the pendency of this claim before the Administration, Plaintiff filed a new application for benefits. The Commissioner awarded Plaintiff benefits based on the new claim on or about January 12, 2002, finding she was disabled since June 10, 1999. Soon afterward, the Commissioner amended this award to reflect an onset date of May 2, 2001, the day after the unfavorable ALJ decision in the case at bar. This amendment was apparently not due to any change in the Administration's opinion regarding Plaintiff's impairments, but is required by the Administration's policy. The Administration's Program Operations Manual System ("POMS") provides, in pertinent part: "The onset date of the subsequent claim cannot be set earlier than the day after the date of the ALJ decision in the prior claim . . . ." 2002 WL 1878621 (SSA-POMS). Nevertheless, it is clear from the evidence that, aside from policy reasons, the Administration had determined Plaintiff was actually disabled since June 10, 1999.

The Commissioner objects to the Plaintiff's fee petition for the following reasons:

(1) The Commissioner's Position was Substantially Justified and

(2) Alternatively, the Number of Hours Requested by Counsel is Excessive and Should Be Reduced.

Plaintiff first argues that the Commissioner's position was not substantially justified. In Hyatt v. Barnhart, 315 F.3d 239 (4th cir. 2002), the Fourth Circuit explained the phrase "substantially justified" as follows:

> Under § 2412(d)(1)(A) of the EAJA, the court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort) . . . brought by or against the United States in any court having jurisdiction of that action, *unless the court finds that the position of the United States was substantially justified* or that special circumstances make an award unjust. *Id.* (emphasis added). The award of attorneys' fees to a prevailing party, therefore, "is mandatory *unless* the government can demonstrate that its position was 'substantially justified,' " *EEOC v. Clay Printing Co.,* 13 F.3d 813, 815 (4th Cir.1994), or that special circumstances make an award unjust. " 'Substantially justified' means 'justified to a degree that could satisfy a reasonable person' or having a 'reasonable basis both in law and fact.' " *Id.* (quoting *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C.A. § 2412(d)(1)(B). And, in determining "whether the government acted reasonably in causing the litigation or in taking a stance during the litigation," we must consider the "totality of the circumstances." *Roanoke River Basin Ass'n. v. Hudson,* 991 F.2d 132, 139 (4th Cir.1993). We review the district court's determination that the SSA's position was not "substantially justified" for an abuse of discretion. *See Pierce,* 487 U.S. at 562-63, 108 S.Ct. 2541.

*Id.* at 244-245.

In the case at bar, Plaintiff had submitted what she asserted was new and material evidence to the Appeals Council. That evidence showed that, subsequent to the ALJ's decision in the claim at issue, State agency reviewing physicians had reviewed the entire record and determined Plaintiff

3

was disabled as of June 10, 1999. Based at least in part on that evidence, the Administration also found Plaintiff disabled with an onset date of June 10, 1999, although this date was later amended pursuant to Administration policy. Although all this evidence was submitted to the Appeals Council, the Appeals Council decision states only that it considered "the fact that since the date [of] the Administrative Law Judge's decision you were found to be under a disability beginning May 2, 2001, based upon the Application you filed September 6, 2001; however, the Council found that this information does not warrant a change in the Administrative Law Judge's decision" (R. 7). If the only evidence submitted had been the finding of disability since May 2, 2001, the undersigned would agree that the Administration's determination was substantially justified. Plaintiff had, however, also submitted the original disability determination form finding her disabled since June 10, 1999, as well as the State agency physicians' opinions that she had been disabled since that date. As the undersigned has so often stated (usually in upholding the Administration's determination of non-disability):

> Administrative law judges are not bound by any findings made by State agency medical or psychological consultants, or other program physicians or psychologists. However, <u>State agency medical or psychological consultants, or other program physicians or psychologists, are highly qualified physicians and psychologists who are also experts in Social Security disability evaluations. Therefore, administrative law judges must consider findings of State agency medical or psychological consultants, or other program physicians or psychologists, as opinion evidence,</u> except for the ultimate determination about whether you are disabled.

20 CFR § 404.1527(f)(2)(i) (emphasis added). Yet there is no indication in the Appeals Council decision that Dr. Franyutti's opinion was considered. Further, the District Court expressly found the evidence submitted to the Appeals Council was both "new" and "material." "Pursuant to 20 CFR § 404.970(b), the Appeals Council <u>shall consider</u> evidence submitted with a request for review

4

if the evidence is new, material, and relates to the period on or before the dates of the ALJ's decision." Wilkins v. Secretary, Dept. of Health and Human Services, 953 F.2d 93, 96 (4th Cir. 1991) (emphasis added).

The Commissioner's argument in her Motion for Summary Judgment regarding the "new" and "material" evidence was:

> Plaintiff's reliance upon Drs. Osborne and Franyutti (apparently the DDS physicians who reviewed her subsequent claim) and upon her August and October 2001 cardiac profusion scans (Tr. 436-43), is misplaced, because the medical evidence post-dates the ALJ's decision in this case (Tr. 436-43). That Plaintiff re-applied after the ALJ's decision and submitted new evidence does not undermine the ALJ's decision. As stated by the Court of Appeals, "SSA's treatment of later-filed applications as separate claims is eminently logical and sensible, reflecting the reality that the mere passage of time often has a deleterious effect on a claimant's physical or mental condition." Albright v. Apfel, 174 F.3d at 476.

If the evidence Plaintiff submitted to the Appeals Council reflected only a "deleterious effect" caused by the "mere passage of time," the undersigned could find the Commissioner's position was substantially justified. However, the evidence submitted clearly indicated that the State agency physicians and even the Administration considered Plaintiff actually disabled (if not legally disabled) since June 10, 1999. Considering the "totality of the circumstances," the undersigned finds "the government [did not] act[] reasonably in causing the litigation or in taking a stance during the litigation."

For all the above reasons the undersigned finds the position of the Defendant in this case was not substantially justified.

There is no dispute that Plaintiff is a "prevailing party," and there is no allegation that "special circumstances make an award unjust" or that Plaintiff's petition was not timely filed. 28

5

U.S.C. § 2412; Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991). The award of attorneys' fees is therefore mandatory. EEOC v. Clay Printing Co., 13 F.3d 813, 815 (4th Cir.1994).

In the alternative, the Commissioner argues the number of hours requested by counsel is excessive and should be reduced. Attorney fees and expenses under the EAJA must be reasonable. See U.S.C. §§ 2412(d)(2)(A). Counsel has an ethical duty to make a good faith effort to exclude "excessive, redundant, or otherwise unnecessary" hours from the fee petition. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). The district court has discretion to determine a reasonable fee award. *See* 28 U.S.C. § 2412(b); Pierce v. Underwood, 487 U.S. 552 (1988) (cited in May v. Sullivan, 936 F.2d 177 (4th Cir. 1991). The Commissioner does not dispute the hourly rate charged by counsel.

The Commissioner disputes only two items on counsel's petition:

1) The two hours counsel claimed for preparation and filing of Plaintiff's Complaint, and

2) The three hours claimed in connection with reviewing Defendant's Answer and the Transcript, and comparison of evidence in Defendant's Transcript with medical evidence contained in Plaintiff's claim file.

The undersigned does not find the hours claimed for either group of tasks excessive. Neither does the undersigned agree that the transcript should have been reviewed by a paralegal instead of a lawyer. Although this task could be assigned to a knowledgeable, experienced paralegal, this is not a simple, administrative task such as filling out a form or sending a letter. Additionally, the undersigned does not find that meeting with one's client in person instead of by telephone, in preparation for filing a Complaint in federal court is excessive, even if it does require more time.

The undersigned therefore finds the fee requested for representation of Plaintiff before the court in this matter is not excessive and recommends Plaintiff be awarded $3,374.45 for time spent litigating this claim before the Court.

Plaintiff next requests an additional $815.60 in fees for 5.5 hours spent litigating the EAJA fee. The undersigned first notes that the United States Supreme court has found that hours expended litigating EAJA fee petitions are recoverable. See INS v. Jean, 496 U.S. 154, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990). Moreover, the Supreme Court states that "[a] request for attorney's fees should not result in a second major litigation." Id. at 437, S. Ct. at 1941. The undersigned does find 5.5 hours excessive for an EAJA fee dispute. In this case, however, Plaintiff was required to litigate both the issue of substantial justification as well as the amount of hours claimed. In addition, the substantive issue, regarding a finding of disability on a subsequent application going back to a claimant's onset date in a previously-denied application is not common.

The undersigned also notes the "specific purpose of the EAJA is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." Sullivan v. Hudson, 490 U.S. at 883, S. Ct. at 2253, 104 L. Ed. 2d 941 (1989). The undersigned believes this specific purpose continues on during the resolution of attorney fees. Challenging the claim of fees is another disincentive to attorneys even taking on these cases. The undersigned therefore finds that 3.0 hours is a reasonable fee for litigating the EAJA fee under the circumstances of this case.

In total, the undersigned finds Plaintiff should be compensated for $3,819.32.

**RECOMMENDATION**

For all the above reasons, the undersigned recommends Plaintiff's counsel be compensated in the amount of $3,819.32.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such proposed Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send an authenticated copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 13 day of March, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE